**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROGER WALKER,<br>*Plaintiff*,<br>v.<br>UNITED STATES CENTER FOR SAFESPORT, Inc., and USA GYMNASTICS,<br>*Defendants*. | 24-cv-05650 (MEF)(SDA)<br><br>**OPINION and ORDER** |

* * *

For the purposes of this brief Opinion and Order, the Court assumes virtually full familiarity with the allegations and procedural history of this case.

* * *

The Plaintiff[1] seeks different kinds of relief. Injunctive relief, declaratory relief, and damages --- plus attorneys' fees and costs. See First Amended Complaint for Declaratory Judgment, Injunction, and Other Relief ("Complaint") (ECF 9) at 56-58.

As a basis for relief, the Plaintiff relies on state and federal law. See id. ¶¶ 141-256.

This Opinion and Order takes up only the federal claims. And those only to the extent they assertedly form a basis for damages.

* * *

To go forward on such claims, the Plaintiff must point to both "a relevant body of substantive law" and "a cause of action." In re Revlimid & Thalomid Purchaser Antitrust Litig., 827 F.

[1] Roger Walker.

Supp. 3d 536, 544 (D.N.J. 2026). The cause of action is what gives him "the right to come into court." Id.

Here, the Plaintiff seems to invoke three causes of action.

* * *

First, 42 U.S.C. § 1983. See Complaint ¶¶ 129, 143, 234-40.

But that only applies to those acting under state law. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001).

The Plaintiff does not meaningfully argue that that is the case here.[2]

* * *

Second, the Plaintiff suggests that a cause of action is supplied by the Ted Stevens Olympic and Amateur Sports Act. See Complaint ¶¶ 177-201.

But the Act provides no cause of action.[3]

And courts around the Nation have landed on that conclusion. See Strine v. United States Ctr. for Safe Sport, 2025 WL 2732891, at *6 (D. Colo. Sept. 25, 2025); Navarro v. United States Ctr. for SafeSport, 2025 WL 209166, at *12-13 (W.D. Va. Jan. 15, 2025), aff'd in part, rev'd in part, 174 F.4th 378 (4th Cir. 2026); Doe v. United States Ctr. for SafeSport, Inc., 2024 WL 3924663, at *10 (W.D. Wash. Aug. 23, 2024); Sanderson v. United States Ctr. for SafeSport, Inc., 2021 WL 3206322, at *3 (D. Colo. July 29, 2021); Pliuskaitis v. USA Swimming, Inc., 243 F. Supp. 3d 1217, 1224 (D. Utah 2017).

* * *

[2] Indeed, the Complaint asserts that each Defendant is empowered by federal statutes. See Complaint ¶¶ 39-47, 74-84, 91-92.

[3] See 36 U.S.C. § 220541(a) ("Nothing in this subsection shall be construed . . . to create a private right of action."); id. § 220541(d)(3)(B) ("Nothing in this chapter shall be construed to create a private right of action."); id. § 220505(b)(9) ("[N]either this paragraph nor any other provision of this chapter shall create a private right of action under this chapter.").

Third and finally, the Plaintiff alleges federal constitutional violations, see Complaint ¶¶ 152-176, 202-40 --- and there are some circumstances in which there is an implied right of action to pursue such claims. See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

To determine if a Bivens right of action is available, the analysis is in two steps. See, e.g., Egbert v. Boule, 596 U.S. 482, 492 (2022). Recognizing a cause of action under this framework is "a disfavored judicial activity." Id. at 491 (quoting Ziglar v. Abbasi, 582 U.S. 120, 135 (2017)). "The Supreme Court has permitted such claims in very few circumstances." Landis v. Moyer, 2024 WL 937070, at *2 (3d Cir. Mar. 5, 2024).

But the Plaintiff skips over all of this. He offers no analysis as to either of the two Bivens right-of-action steps. See Plaintiff Roger Walker's Brief in Response to Defendant U.S. Center for SafeSport's Renewed Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) (ECF 68) at 30.

If the Plaintiff wishes to move forward with a Bivens claim, he shall file a brief letter saying so on or before September 11 at noon.

If he opts to continue down the Bivens route, the Plaintiff shall file a letter brief on or before September 16 at noon that provides a complete Bivens analysis. The Defendants will then be given an opportunity to respond.

* * *

IT IS on this 9th day of September 9, 2026, **SO ORDERED**.

Michael E. Farbiarz, U.S.D.J.